James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF FILE

-------------------------------------------------------------X

FEDERAL INSURANCE COMPANY a/s/o Ohio
Steel Industries, Inc.,

20 Civ.

Plaintiff,

- against -

COMPLAINT

KUEHNE + NAGEL, INC., trading as Blue Anchor
America Line, and MSC MEDITERRANEAN
SHIPPING COMPANY, S.A.,

Defendants.

-------------------------------------------------------------X

Plaintiff, FEDERAL INSURANCE COMPANY a/s/o Ohio Steel Industries, Inc., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint against the Defendants, alleges upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the OOCL bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

## PARTIES

2.      At all material times, Federal Insurance Company (hereinafter "FIC" or "Plaintiff") was and is a corporation with an office and place of business located at 15

Mountainview Road, Warren, New Jersey 07059, and is the subrogated underwriter of the consignment of 1,117 Carton(s) of SWEEPER PARTS loaded into container 40' CAIU 476363-5, as more specifically described below.

3.      At all material times, defendant, KUEHNE + NAGEL, INC., trading as Blue Anchor America Line (hereinafter "Defendant" or "K+N") was and is a corporation with an office and place of business located 10 Exchange Pl #19, Jersey City, NJ 07302 and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

4.      At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located c/o Mediterranean Shipping Company (USA) Inc. 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018-2702 and at all relevant times was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### RELEVANT FACTS

6.      On or about July 23, 2019, the cargo shipper, QINGDAO KINGDOM HEALTHY INDUSTRY CO.,LTD., and/or its agents, contracted with K+N to transport a consignment of involving a shipment of 9 ocean shipping containers of 10,464 cartons of Sweeper Parts from Qingdao, China, to New York, New York, with on carriage by rail to Columbus, Ohio. K+N, in turn, contracted with MSC to perform the actual ocean transit of the

consignment of 9 ocean shipping containers of 10,464 cartons of Sweeper Parts from Qingdao, China, to New York, New York, with on carriage by rail to Columbus, Ohio.

7.      On or before July 23, 2019, a consignment consisting of 10,464 cartons of Sweeper Parts, then being in good order and condition, were loaded into nine (9) ocean shipping containers that had been provided by K+N and MSC, namely MEDU4979353, TCNU7902825, CRSU9132869, MEDU4625215, MEDU7461732, INKU2592209, MSCU9678633, CAIU4763635, and GLDU0687583. On or about July 23, 2019, the nine container-loads of 10,464 cartons of Sweeper Parts were delivered into the custody and control of K+N and MSC, and/or their respective agents, in Qingdao, China, for transportation to New York, New York, with on carriage by rail to Columbus, Ohio.

8.      The transportation of the aforementioned consignment was all arranged in consideration of an agreed upon freight, and pursuant to K+N bill of lading number BANQTAO28769634352-0386-907.011, dated July 23, 2019 and pursuant to MSC bill of lading numbered lading MEDUQA310471, dated July 23, 2019, all of which relate to the 10,464 cartons of Sweeper Parts loaded into the aforementioned nine (9) ocean shipping containers.

9.      Thereafter, on or about July 23, 2019, the aforementioned nine (9) ocean shipping containers were loaded aboard the M/V GUNDE MAERSK and thereafter the aforementioned vessel departed Qingdao, China, for her intended destination.

10.     On or about September 3, 2019, the aforementioned nine (9) ocean shipping containers aboard the M/V GUTHORM MAERSK arrived in New York, New York, and were discharged for on-carriage by rail to Columbus, Ohio.

11.     When the aforementioned containers were discharged at New York, New York, as aforesaid, container CAIU4763635 containing 1,117 cartons of Sweeper Parts, was found to be

3

heavily crushed with holes in the top and sides of said container, and the contents were found to be severely wet with water damaged cartons, torn packing and rust damage to the contents, and was transloaded into container BMOU 678858-7 for on-carriage by rail to Columbus, Ohio. A total of 975 cartons of the subject cargo were subsequently determined to be unusable and not salvageable and were thereafter destroyed.

12.     The damage to the cargo was not the result of any act or omission of the Plaintiff or its assured, Ohio Steel Industries, Inc., but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their respective agents.

13.     As a result of the foregoing, Ohio Steel Industries, Inc., suffered a loss in the amount of $18,598.98, no part of which has been paid, despite due demand.

14.     At all times relevant hereto, a contract of insurance for property damage was in effect between Ohio Steel Industries, Inc., and FIC, which provided coverage for, among other things, loss or damage to the consignment.

15.     Pursuant to the aforementioned contract of insurance between Ohio Steel Industries, Inc., and FIC, monies have been expended on behalf of Ohio Steel Industries, Inc., to the detriment of FIC due to the damages sustained during transit.

16.     As FIC has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, FIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

17.    By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $18,598.98.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19.    Pursuant to the contract entered into between the parties, the Defendants owed a contractual and statutory duty to the Plaintiff's assured, to carry, bail, keep and care for, protect and deliver the Plaintiff assured's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

20.    The Defendants breached their contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff assured's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21.    As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $18,598.98.

22.    By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,598.98.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24.    Pursuant to their obligations as bailees for hire of the Plaintiff assured's cargo, the defendants owed contractual and statutory duties to Plaintiff's assured to carry, bail, keep and

care for, protect and deliver the Plaintiff assured's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

25.     The defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff assured's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

26.     As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $18,598.98.

27.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,598.98.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29.     The Defendants owed a duty to the Plaintiff's assured to carry, bail, keep and care for, protect and deliver the Plaintiff assured's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

30.     The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiff assured's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

31.     As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $18,598.98.

32.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,598.98.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $18,598.98, together with interest, costs and the disbursements of this action; and

3.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
　　　　August 28, 2020
　　　　115-1607

　　　　　　　　　　　　　　　　　CASEY & BARNETT, LLC
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　　James P. Krauzlis
　　　　　　　　　　　　　　　　　305 Broadway, Ste 1202
　　　　　　　　　　　　　　　　　New York, New York 10010
　　　　　　　　　　　　　　　　　(212) 286-0225

7